UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
JONATHAN ROSENBERG,                                 Civil Action No.
                                                    16-cv-9712
                                 Plaintiff,

          -against-                                 **COMPLAINT**

MAURICIO PAREDES and TANIA HOLGUIN,

                                 Defendants.
----------------------------------------x


          Plaintiff, by his attorneys, Suslovich & Klein LLP,

alleges for its Complaint the following:


### NATURE OF THE ACTION

          1.    This is an action for specific performance or,

in the alternative, for damages in connection with the breach

by the Defendants of a contract for the sale by the Defendants

to the Plaintiff of real property owned by the Defendants

located at 460 East 134th Street, Bronx, New York.


### PARTIES

          2.    The Plaintiff, Jonathan Rosenberg, resides at

30 Louisburg Square, Lakewood, New Jersey 08701.

3.     Upon information and belief, Defendants, Mauricio Paredes and Tania Holduin reside at 2110 Grand Avenue, Apartment 5B, Bronx, New York.

## JURISDICTION AND VENUE

4.     This action is between citizens of different states.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  Therefore, jurisdiction is based upon diversity of citizenship, pursuant to 28 U.S.C. §1332.

5.     Venue is deemed proper in this district, pursuant to 28 U.S.C. §1391, because a substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the property which is the subject of this dispute is located in the district of this Court.

## FIRST CLAIM

6.     Upon information and belief, Defendants, Mauricio Paredes and Tania Holguin, are the owners of a two

family residential property known by the street address of 460 East 134th Street, Bronx, New York, which property is designated on the tax map of the City of New York, County of Bronx, as Block: 2278, Lot: 38 (hereinafter referred to as the "Property").

7.    On or about April 11, 2016, Defendants, Mauricio Paredes and Tania Holguin, as sellers (hereinafter referred to as the "Sellers") and Plaintiff, Jonathan Rosenberg, as purchaser (hereinafter referred to as the "Purchaser") entered into a contract for the sale of the Property by the Sellers to the Purchaser.

8.    The contract price was $490,000.00.

9.    At or prior to signing the contract of sale, the Purchaser paid the sum of $49,000.00 as a down payment on account of the purchase price to the Sellers' attorney, Heriberto J. Rodriguez, to be held in escrow pursuant to the terms of the contract of sale.

10.    The contract of sale provides in paragraph 15 that closing was to take place fifty-five days from the receipt of a fully executed contract.

11.    The contract of sale provides in the rider at

paragraph 10 that the Purchaser shall have reasonable opportunity to inspect the Property within forty-eight hours prior to closing.

12.   The Purchaser attempted several times to schedule a closing pursuant to the contract of sale but the Sellers did not agree to allow the Purchaser to inspect the Property.

13.   The Sellers' attorney sent to the Purchaser's attorney a letter dated August 31, 2016, scheduling a time of the essence closing for September 30, 2016.

14.   Upon receipt of the Sellers' letter scheduling a time of the essence closing, notwithstanding that the Purchaser had still not agreed to allow the Purchaser to inspect the Property prior to closing, On September 23, 2016 the parties and their attorneys tentatively scheduled a closing for September 29, 2016.

15.   Notwithstanding that the parties had tentatively scheduled a closing for September 29, 2016, prior to that date, by text message from the Seller to the Purchaser on September 26, 2016 the Seller notified the Purchaser that "we decided not to sell the house."

16.   By letter from the Sellers' attorney dated October 17, 2016, the Sellers' attorney returned the down payment and notified the Purchaser's attorney that "the return of these funds will conclude the transaction contemplated by our respective clients and all right and obligations arising out of the contract."

17.   Although the Purchaser's attorney is presently in receipt of the check from the Sellers' attorney made payable to the Purchaser's attorney for the return of the down payment, the check has not been cashed.

18.   Subsequently, the Purchaser discussed the matter with the Sellers but they were adamant that they changed their minds and are no longer willing to sell the Property in accordance with the terms of the contract of sale.

19.   The Defendants' actions, constitute a repudiation and an anticipatory breach of the contract of sale.

20.   The Purchaser has the funds necessary to purchase the Property and was and still is ready, willing, and able to do so.

21.   By reason of the above, the Plaintiff is

entitled to an order directing that the Sellers specifically perform and convey title to the Plaintiff in accordance with the terms of the contract of sale.

## SECOND CLAIM IN THE ALTERNATIVE

22.   The Plaintiff repeats and re-alleges each and every allegation of the prior paragraphs of this complaint with the same force and effect as if more fully set forth herein at length.

23.   Upon information and belief, the fair market value of the Property at the time of the breach was substantially greater than the contracted purchase price of $490,000.00.

24.   By reason of the Sellers' repudiation and breach of the contract of sale, in the alternative, the Plaintiff is entitled to a judgment against the Seller for the difference between the contract price of $490,000.00 and the fair market value of the Property at the time of breach, which amount is not yet known but is believed to exceed $75,000.00.

## THIRD CLAIM IN THE ALTERNATIVE

25.   The Plaintiff repeats and re-alleges each and every allegation of the prior paragraphs of this complaint with the same force and effect as if more fully set forth herein at length.

26.   By reason of the above, in the alternative, if the Plaintiff is not granted specific performance, the Plaintiff is entitled to the return of the down payment of $49,000.00 made by the Purchaser in connection with the contract of sale.

27.   By reason of the above, the Plaintiff has a vendee's lien upon the Property in the amount of $49,000.00, plus interest.

**WHEREFORE**, the Plaintiff requests judgment:

(i)     on the first claim, an order directing the Defendants, Mauricio Paredes and Tania Holdguin, to specifically perform their obligations under the contract of sale and to convey title to the Property located at 460 East 134th Street, Bronx, New York, Block: 2278, Lot: 38, to the Plaintiff;

(ii)    on the second claim, in the alternative, a judgment against Defendants, Mauricio Paredes and Tania Holdguin, in an amount to be determined at trial being the difference between the contract price of $490,000.00

and the fair market value of the Property at the time of breach;

(iii)   on the third claim, in the alternative, a judgment against Defendants, Mauricio Paredes and Tania Holdguin, in the sum of $49,000.00, plus interest, and that the Plaintiff be adjudged to have a lien against the Property in said amount, and that the Property be sold to satisfy the lien for the sums due to the Plaintiff, and if the proceeds of the sale are insufficient to satisfy the Plaintiff's lien in full, that the Plaintiff have judgment against Defendants, Mauricio Paredes and Tania Holdguin, for any deficiencies; and

(iv)   for such other and further relief as this Court deems just, proper, and equitable.

Dated:   December 15, 2016

SUSLOVICH & KLEIN LLP
Attorneys for Plaintiff,
Jonathan Rosenberg
1507 Avenue M
Brooklyn, NY  11230
Phone: (718) 382-5700
Email: Mark@suslovichklein.com

By: _____
      Mark M. Kranz (MK 7739)